HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GLOBAL SIGNAL ACQUISITIONS III LLC, a foreign limited liability company, as attorney-in-fact for STC FIVE LLC,

Plaintiff,

v.

CLAREMONT FOREST LLC, a Washington limited liability company; and LIWAY HSI, an individual,

Defendants.

Case No. 2:19-cv-00265-RAJ

**ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's motion for a temporary restraining order (TRO). Dkt. # 7. For the reasons stated below, the Court **DENIES** the motion.

## II. BACKGROUND

Plaintiff is a subsidiary of Crown Castle International Corp. ("Crown Castle"), the nation's largest provider of infrastructure to wireless communications carriers. Dkt. # 8 at 2. Plaintiff and its affiliates own and operate cell towers and related communications facilities which house equipment operated by the major wireless providers, such as Sprint and Verizon. *Id.* Pursuant to an agreement between Sprint and Crown Castle, Plaintiff is authorized to bring claims, including this instant motion, on behalf of Sprint's subsidiary STC Five LLC ("STC"). *Id.*

ORDER – 1

In 2007, STC claims to have entered into an agreement with the Weyerhaeuser Company ("Weyerhaeuser") to install and operate a communications site at the real property situated on portions of Water Tower Ridge in Section 29, T 24N, R 8E (Willamette Meridian) in King County, Washington (the "communications site"). *Id.* at 3. Per the agreement, STC had nonexclusive access and use of certain private roads near the communications site. *Id.* at 4. In 2008, Weyerhaeuser conveyed the property to another company, subject to several easement reservations, including, "reserv[ing] to itself, its successors and assigns, in perpetuity, the right to operate, maintain, use, repair and replace the existing communications sites … and to lease, for its sole account and profit, said communications sites to others." Dkt. # 7, ¶ 15. The deed also contained a reservation for Weyerhaeuser, its successors, and assigns to access certain roads near the communications site. *Id.*, ¶ 16. Plaintiff alleges the property was subsequently sold to Defendant Claremont Forest LLC in 2012, again subject to the easements reserved in the 2008 conveyance. *Id.*, ¶¶ 19-21.

Plaintiff maintains a longstanding business relationship with Verizon. *Id.*, ¶ 22. In 2018, Verizon informed Plaintiff that it wished to install wireless communications equipment at the communications site and began installing equipment around November 19, 2018. *Id.* Plaintiff alleges that on or about December 17, 2018, Defendants intentionally parked a large trailer across an access road, thereby blocking all vehicular access to the communication site. *Id.*, ¶ 27. Plaintiff claims that its relationship with Verizon is being adversely impacted as well as its business reputation generally. *Id.*, ¶ 37.

Plaintiff filed a complaint for damages and equitable relief on February 22, 2019. Dkt. # 1. Plaintiff then filed a motion for a TRO on February 27, 2019. Dkt. # 7. On February 28, 2019, Defendants filed a notice stating their plan to oppose the motion, but then failed to file an opposition in accordance with Local Civil Rule 65(b)(5). Dkt. # 16.

//

//

ORDER – 2

## III. LEGAL STANDARD

Like a preliminary injunction, issuance of a TRO is "an extraordinary remedy never awarded as of right." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). Pursuant to Federal Rule of Civil Procedure 65(b), a party seeking a TRO must make a clear showing (1) of a likelihood of success on the merits, (2) of a likelihood of suffering irreparable harm in the absence of preliminary relief, (3) that the balance of hardship tips in her favor, and (4) that a temporary restraining order in is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (articulating standard for preliminary injunction); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that preliminary injunction and temporary restraining order standards are "substantially identical").

## IV. DISCUSSION

Plaintiff bears the burden of demonstrating immediate threatened injury as a prerequisite to preliminary injunctive relief. *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction or a TRO. *Id.*; *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984).

Plaintiff explains that the alleged nuisance began several months ago on December 17, 2018. There is nothing before the Court to suggest that Plaintiff could not have sought relief by motion for preliminary injunction at an earlier date rather than seeking relief now by way of a temporary restraining order. *See Lydo Enters. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) ("A delay in seeking a preliminary injunction is a factor to be considered in weighing the propriety of relief."); *Dahl v. Swift Distrib., Inc.*, 2010 WL 1458957, at *4 (C.D. Cal. 2010) (finding that eighteen-day delay in filing TRO application "implie[d] a lack of urgency and irreparable harm").

Furthermore, Plaintiff provides the Court will little evidence to conclude that money damages would not be adequate compensation. In support of its TRO, Plaintiff explains

ORDER – 3

that the communication site has unique characteristics making the tower integral to Plaintiff's business and concludes money damages would be insufficient to remedy the harm. Dkt. # 8 at 13-14, 18 (explaining that if Defendants' obstruction is allowed to continue then it could cause local networks to malfunction). Plaintiff adds that both its business relationship with Verizon and its business reputation generally are being irreparably injured. Dkt. # 7, ¶ 37.

The Court finds this insufficient to state irreparable harm. Plaintiff fails to explain, for example, the immediacy, likelihood, or relative scope of any purported outages due to Defendant's conduct, or whether Verizon or other "longstanding" customers are unwilling to do business with Plaintiff or STC. *See, e.g., Stuhlbarg Int'l Sales Co.*, 240 F.3d at 841 (detainment of initial products to new large customers constituted irreparable injury where plaintiff stood to lose its new customers and resulting goodwill); *Navigant Consulting, Inc. v. Milliman, Inc.*, 2018 WL 3751983, at *4 (W.D. Wash. Aug. 8, 2018) (irreparable harm where plaintiff already lost high-performing employees due to defendant's conduct); *Richmond Techs., Inc. v. Aumech Business Sol'ns*, 2011 WL 2607158, at *22 (N.D. Cal. 2011) (irreparable harm where defendant was diverting business from plaintiff to defendant). The harms alleged here are too speculative to support a temporary restraining order.

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion. Dkt. # 7.

DATED this 15th day March, 2019.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4